UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/05

------------------------------------------------------------x
      :
VICTORIA WATERMAN,       :
      :
      Plaintiff,       :
      :        05 Civ. 2191 (GEL)
      :
      -v-      :        **OPINION AND ORDER**
      :
REGISTER.COM, INC.,       :
ROBERT HALF INTERNATIONAL INC.,       :
and DANIEL SORAVILLA,       :
      :
      Defendants.       :
      :
------------------------------------------------------------x

Levine & Blit, PLLC, New York, NY (Matthew J. Blit, of counsel), for plaintiff Victoria Waterman.

Nixon Peabody LLP, Albany, NY (John E. Higgins, of counsel), for defendant Register.com, Inc.

Seyfarth Shaw LLP, New York, NY (Gary H. Glaser, L. Lynnette Sarno, and Gloria Galant, of counsel), for defendant Robert Half International Inc.

Grotta, Glassman & Hoffman, P.C., New York, NY (Leslie A. Lajewski, Jonathan Meyers, and Heather R. Boshak, of counsel), for defendant Daniel Soravilla.

GERARD E. LYNCH, District Judge:

Plaintiff Victoria Waterman brings this employment discrimination action against Robert Half International Inc. ("RHI"), a temp agency by which she was employed; Register.com, Inc. ("Register"), where she was assigned for a period in 2003; and Daniel Soravilla, her supervisor at Register, charging that she was subjected to a hostile work environment on the basis of sex, race, and national origin, and dismissed from her position at Register for discriminatory and retaliatory reasons. Defendants move to dismiss on various grounds.

1. Register's motion to dismiss is granted as to plaintiff's Title VII claim of national origin discrimination, insofar as that claim is based on West Indian national origin. "Title VII requires a plaintiff, prior to filing suit, to present a claim to the EEOC." Brown v. Snow, No. 02 Civ. 7985, 2003 WL 1907974, at *3 (S.D.N.Y. Apr. 17, 2003). Thus a plaintiff may pursue in court "only those claims that were included in or are 'reasonably related to the allegations contained in her EEOC charge.'" Hamilton v. Wilson, No. 03 Civ. 5685, 2004 WL 169789, at *2 (S.D.N.Y. Jan. 28., 2004), quoting Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001).

Waterman's EEOC complaint asserted that she was discriminated against on the basis of her Canadian national origin. Her complaint in this Court asserts a double-barreled charge of discrimination based on both Canadian and West Indian origin. Waterman argues that the claim of discrimination based on West Indian origin is "reasonably related" to her EEOC claims of discrimination on the basis of race and Canadian origin. It is not. An investigation of racial discrimination and Canadian origin discrimination cannot be expected to unearth the completely different matter, nowhere so much as alluded to in the EEOC complaint, of anti-West Indian bias. Accordingly, that claim cannot be regarded as "reasonably related" to those actually made to the EEOC, and cannot be pursued here. For the same reasons, the identical Title VII claim asserted against RHI is dismissed.

However, dismissal is inappropriate as to the analogous state and local claims filed against Register and RHI. Title VII's exhaustion requirements do not apply to these claims, and defendants raise no other procedural basis for their dismissal. See, e.g., Branker v. Pfizer, Inc., 981 F. Supp. 862, 863-65 (S.D.N.Y. 1997) (noting that New York State Human Rights Law "contains no requirement of exhaustion of administrative remedies"); N.Y.C. Admin. Code § 8-502(c)

(requiring only that plaintiff filing New York City Human Rights Law claim serve complaint on City before commencing action); Cully v. Milliman & Robertson, Inc., 20 F. Supp. 2d 636, 643-44 (S.D.N.Y. 1998) (holding that failure to comply with service requirement does not warrant dismissal).

2. Register's motion to dismiss is denied as to Waterman's other claims. For the most part, Register's arguments are expressly based not on the allegations of the complaint, but on purportedly "overwhelming" evidence put forward in affidavits accompanying Register's motion. Whether or not some portion of this evidence may be considered by the Court, see Chambers v. Time Warner Inc., 282 F.3d 147, 153 (2d Cir. 2002) (holding that on a motion to dismiss, the court may consider documents relied upon by the plaintiff in drafting the complaint), Register has failed to overcome the sizable burden that it faces at this stage of the proceedings: to show either that the complaint fails to provide fair notice of the basis of Waterman's claims, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002), or that it is beyond doubt that Waterman "can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief," Thomas v. City of New York, 143 F.3d 31, 36-37 (2d Cir. 1998) (internal quotation marks omitted). Whether Waterman can demonstrate a hostile work environment, successfully attribute that environment to Register, or prove that her dismissal was prompted by an illicit motive rather than the misconduct Register alleges against her, are factual claims to be addressed on summary judgment or at trial.

3. For essentially the same reasons, the motions of defendants Soravilla and RHI must also be denied. Soravilla cites any number of cases dismissing harassment or hostile environment claims on summary judgment. The standards set forth in these cases, however, cannot easily be applied on a motion to dismiss. The distinction between sporadic insensitivity and pervasive

3

hostility is ultimately a matter of degree. Particularly given the liberal notice pleading standard of Fed. R. Civ. P. 8(a), whether Waterman will be able to present a genuine issue of material fact with respect to her claim against Soravilla cannot be determined from the sketch presented in the complaint. With respect to the termination claim in particular, Soravilla argues that the complaint fails to allege his involvement in the decision to terminate Waterman, and thus that dismissal is proper to the extent that Waterman charges him with responsibility for that decision. Since Soravilla was Waterman's supervisor, and the complaint alleges specific facts suggesting that he was biased against her, the complaint adequately charges him with personal involvement in the adverse employment actions of which Waterman complains.

RHI's motion to dismiss must also be denied. Reading the allegations of the complaint in the light most favorable to the plaintiff, <u>Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 191 F.3d 198, 202 (2d Cir.1999), Waterman claims that RHI was her employer; that she reported the harassment she endured at Register to RHI one more than one occasion; that when action finally was taken, Waterman was terminated from her position at Register, allegedly for discriminatory and retaliatory reasons; and that RHI was complicit in that action. RHI cannot claim a lack of fair notice as to the basis of Waterman's claims, or that it is beyond doubt that Waterman can prove no set of facts that would entitle her to relief. While it is true that Waterman sets forth no specific facts indicating that RHI played a role in either the harassment or termination, it is enough that, based on the factual predicate in the complaint, RHI's involvement in the discrimination alleged is "among the realm of plausible possibilities." <u>Twombly v. Bell Atl. Corp.</u>, ___ F.3d ___, No. 03-9213, 2005 WL 2420523, at *11 (2d Cir. Oct. 3, 2005).

**CONCLUSION**

For the reasons set forth above, the motions to dismiss filed by Register.com, Inc. and

Robert Half International Inc. are denied, except as to plaintiff's Title VII claims of national origin

discrimination, insofar as those claims are based on her West Indian origin. The motion to dismiss

filed by defendant Daniel Soravilla is denied.

SO ORDERED.

Dated: New York, New York
      October 7, 2005

                                        GERARD E. LYNCH
                               United States District Judge